MOON, Chief Judge,
concurring in part, dissenting in part.
I concur in the result reached by the majority; however I disagree with the statement that “the issue was properly preserved for appeal.” Counsel properly raised the same issue in the trial court he now raises on appeal when the jury asked its question. However, when the trial court ultimately responded to that question, defense counsel agreed with the *555 judge’s answer. This was not the proper way to preserve an issue for appeal.
Notwithstanding counsel’s agreement with the court’s actions, the Supreme Court’s ruling in Jimenez v. Commonwealth, 241 Va. 244, 250-51, 402 S.E.2d 678, 681 (1991), requires, in my opinion, reversal of the conviction.
Jimenez held that “when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty to instruct the jury about the matter,” id. at 250, 402 S.E.2d at 681, even when no objection is made. Id. at 245-46, 402 S.E.2d at 678.
The jury asked:
“If the defendant is guilty of attempted unlawful wounding, can he also be guilty of use of a firearm in the commission of a felony? The instructions provided do not address this.”
I believe that the jury should have been told categorically that if the defendant was found guilty of attempted unlawful wounding, he could not be found guilty of use of a firearm in the commission of a felony. The jury was told in effect that it could bring back conflicting verdicts. This the jury had the power to do, Wolfe v. Commonwealth, 6 Va.App. 640, 649-50, 371 S.E.2d 314, 319 (1988), but not the right or duty to do. The court’s answer had the effect of inviting the jury to indulge in jury nullification, which is not countenanced in the law of the Commonwealth. See Poyner v. Commonwealth, 229 Va. 401, 329 S.E.2d 815 (1985).
As I interpret the jury’s question, it probably had already determined the defendant was not guilty of attempted malicious wounding, but guilty only of unlawful wounding. In such a case, it was the jury’s clear duty upon being properly instructed to find the defendant not guilty of use of a firearm in the commission of a felony.
Because it appears probable that if the jury’s question had been answered directly, and in the negative according to the law, the defendant would not have been convicted of the felony firearm charge, I believe a direct and negative answer to the *556 jury’s question was “vital to [the] defendant,” and for that reason good cause exists for not applying the bar of Rule 5A:18.
I would reverse.